IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS HEAPHY, JR., | : | |
|     Petitioner | : | |
| | : | No. 1:21-cv-1019 |
| v. | : | |
| | : | (Judge Rambo) |
| STEPHEN SPAULDING, | : | |
|     Respondent | : | |

### MEMORANDUM

Presently before the court is *pro se* Petitioner Thomas Heaphy, Jr. ("Heaphy")'s petition for writ of habeas corpus under 28 U.S.C. § 2241 and Respondent's suggestion of mootness. For the reasons that follow, the petition for writ of habeas corpus will be dismissed without prejudice as moot.

**I. Background and Procedural History**

On June 9, 2021, Heaphy initiated this case through the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking time credit towards his federal sentence that he allegedly earned pursuant to the First Step Act. (Doc. No. 1.) Respondent responded to the petition on July 15, 2021. (Doc. No. 11.)

On February 1, 2022, Respondent filed a suggestion of mootness, noting that Heaphy was released from federal custody on January 14, 2022, and asserting that Heaphy's petition is therefore moot. (Doc. No. 13.) The court issued an order on February 4, 2022, requiring Heaphy to respond to the suggestion of mootness on or

before March 4, 2022.  (Doc. No. 14.)  Heaphy has not responded, and mail to him has twice been returned to the court as undeliverable.[1]

## II. Discussion

Article III of the Constitution limits federal judicial power to actual cases or controversies.  A case is moot when it no longer presents a live case or controversy.  *See*, *e.g.*, *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020).  A petition for writ of habeas corpus "generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  *Id.* (citing *Defoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)).  For a petitioner to obtain judicial review of a conviction or sentence after the petitioner has been released from custody, the petitioner must show that he "continues to suffer from secondary or collateral consequences of his conviction."  *Id.* (citing *Chong v. Dist. Dir., INS*, 264 F.3d 378, 384 (3d Cir. 2001)).

Collateral consequences are presumed when "the defendant is attacking his conviction while still serving the sentence imposed for that conviction" or when "the defendant is attacking that portion of his sentence that is still being served."

---

[1] Although it appears based on the return of mail sent to Heaphy that he has not received a copy of the court's order, the court will proceed to the question of whether this case is moot because a *pro se* litigant is obligated to keep the court informed as to his current address, and Heaphy has failed to comply with that obligation.

*Burkey v. Mayberry*, 556 F.3d 142, 148 (3d Cir. 2009) (citing *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008)). "Where, however, the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." *Id.* (citing *United States v. Cottman*, 142 F.3d 160, 165 (3d Cir. 1998)).

In this case, Heaphy's petition seeks time credit towards his federal sentence that he allegedly earned pursuant to the First Step Act. (Doc. No. 1.) Thus, Heaphy is attacking a sentence that has already been served, and in such a situation, "collateral consequences will not be presumed, but must be proven." *Burkey*, 556 F.3d at 148. Heaphy has not stated any collateral consequences that he continues to suffer as a result of his sentence, and the court gave him a specific opportunity to do so. Accordingly, Heaphy has failed to prove collateral consequences of his sentence, and his petition is moot.

### III. Conclusion

For the foregoing reasons, Heaphy's petition for writ of habeas corpus is dismissed without prejudice as moot. An appropriate order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: April 20, 2022